[Cite as *Prewitt v. Prewitt*, 2020-Ohio-6710.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| JEFFREY K. PREWITT | | C.A. No. 29744 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LARAINE E. PREWITT | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. DR 2019-12-3428 |

DECISION AND JOURNAL ENTRY

Dated: December 16, 2020

HENSAL, Judge.

{¶1}   Laraine Prewitt appeals a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that appointed a receiver over a number of her real estate businesses. For the following reasons, this Court reverses.

I.

{¶2}   In December 2019, Jeffrey Prewitt filed a complaint for divorce against Ms. Prewitt.  He also moved for temporary orders and for the appointment of a receiver over all of the businesses owned by the parties.  The court scheduled a hearing on the motion for temporary orders, which was continued multiple times.  In February 2020, Husband filed an amended motion to appoint receiver, noting that, in a separate civil case, a receiver had been appointed over some of the businesses owned by the parties.  He, therefore, asked that the same receiver be appointed over the remainder of the companies.  He also moved for an immediate hearing on his motion. Wife opposed the motion for appointment of a receiver but the trial court granted Husband's

motion without holding a hearing. Wife has appealed, arguing that the trial court exercised improper discretion when it appointed a receiver over her businesses.

## II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION IN APPOINTING A RECEIVER OVER THE REAL ESTATE BUSINESSES AND PROPERTIES OF APPELLANT AND OTHER LEGAL ENTITIES.

{¶3} Wife argues that that trial court should not have appointed a receiver over her real estate businesses and other legal entities. Ohio Revised Code Section 2735.01(A)(1) provides that a court of common pleas may appoint a receiver in an action between two parties having a joint interest in property if the property is in danger of being lost, removed, or materially injured. "Because the appointment of a receiver is such an extraordinary remedy, the party requesting the receivership must show by clear and convincing evidence that the appointment is necessary for the preservation of the complainant's rights." *Smith v. Smith*, 9th Dist. Summit No. 27988, 2017-Ohio-360, ¶ 5, quoting *Maynard v. Cerny*, 9th Dist. Summit No. 21652, 2004-Ohio-955, ¶ 10.

{¶4} "[A]n evidentiary hearing is not required in order to appoint a receiver if the court is sufficiently convinced that the property is in danger from review of the affidavits, attachments to those affidavits, admissions, and the inferences that can be rationally drawn from these materials and from any arguments presented." *Id*. at ¶ 6, quoting *Victory White Metal Co. v. N.P. Motel Sys., Inc.*, 7th Dist. Mahoning No. 04 MA 245, 2005-Ohio-2706, ¶ 53. "We review a trial court's decision to appoint a receiver under an abuse-of-discretion standard." *Id*. at ¶ 5. "[A]ppellate review of an order appointing a receiver is confined to the purpose of determining whether there is clear and convincing evidence tending to prove the facts essential to sustain the order." *Id*., quoting *Maynard* at ¶ 10.

{¶5} Wife argues that Husband did not submit any admissible or authenticated evidence to support his request for a receiver. She also argues that the trial court did not identify which of Husband's rights the order is intending to protect or the basis on which the order was granted. She notes that Husband repeatedly requested a hearing on his motion, which could explain why he did not submit evidence to support his allegations with his motions. Wife further argues that there were less drastic ways to protect any interests Husband might have in the companies she owns.

{¶6} Upon review of the record, we agree that Husband did not submit sufficient evidence for the trial court to find that he had established the need for a receiver by clear and convincing evidence. The only evidence that Husband submitted with his motions was an alleged copy of an order entered by a magistrate in a separate civil case in which Husband and Wife are parties. According to that order, Husband and Wife agreed in the other case that it would be appropriate for the court to appoint a receiver for an auto repair business that was in danger of insolvency if its assets were dissipated. According to Husband's initial motion for the appointment of a receiver, the auto repair business is owned by Husband, not Wife. Husband did not present any evidence indicating that any of the property owned by Wife through her businesses is in danger of being lost, removed, or materially injured. R.C. 2735.01(A)(1).

{¶7} Husband argues that Wife's affidavit of income and expenses supports the appointment of a receiver, but he did not rely on that information in his initial or amended motions. It was Husband's burden of presenting or pointing to clear and convincing evidence that the appointment of a receiver was necessary to preserve his rights. Unsubstantiated allegations in a motion for appointment of a receiver are insufficient to establish the need for the appointment of a receiver. *Smith* at ¶ 10. We, therefore, conclude that the trial court exercised improper discretion when it granted Husband's motion. Wife's assignment of error is sustained.

III.

**{¶8}** Wife's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and this matter is remanded for additional proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

ROBERT ROE FOX, Attorney at Law, for Appellant.

JEFFREY V. HAWKINS, Attorney at Law, for Appellee.